**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PAUL FRANKLIN SMICK, SR.            *
                                    *
v.                                  *            Civil Case No. GLR-14-2955
                                    *
COMMISSIONER, SOCIAL SECURITY       *
                                    *
                                    *
                        *************

**REPORT AND RECOMMENDATIONS**

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered the parties' motions, and Mr. Smick's reply.  [ECF Nos. 12, 13, 14].  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014).  For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's judgment be reversed in part, and that the case be remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and in accordance with this Report and Recommendations.

Mr. Smick protectively filed a claim for Disability Insurance Benefits on January 23, 2011, alleging a disability onset date of September 5, 2008.  (Tr. 79, 144-45).  His claim was denied initially and on reconsideration.  (Tr. 94-97, 101-02).  A hearing was held on January 30, 2013, before an Administrative Law Judge ("ALJ").  (Tr. 29-69).  Following the hearing, the ALJ determined that Mr. Smick was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 7-28).  The Appeals Council denied Mr. Smick's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Smick suffered from the severe impairments of degenerative disorders of the back, knees, and hips, and depression.  (Tr. 12).  Despite these impairments, the ALJ determined that Mr. Smick retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except that the claimant can sit for 6 hours, and stand/walk for 2 hours.  He must have a sit/stand option, meaning he can stand up or sit down at will periodically during the work day.  He can never climb ladders/ropes/scaffolds, ramps/stairs and occasionally balance, stoop, kneel, crouch and squat.  He needs to engage in only simple and unskilled work, and work not at a production pace.  He must be isolated in the position, and the claimant can only engage in only low stress work.

 (Tr. 15).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Smick could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 21-22).

Mr. Smick disagrees.  He raises two primary arguments in support of his appeal:  (1) that the ALJ erred in assigning weight to various medical sources; and (2) that the ALJ erred in determining that Mr. Smick did not meet or equal two different listings.   While Mr. Smick's argument about assignment of weight generally lacks merit, except to the limited extent described below, and while I am unpersuaded by the argument regarding the physical listing, I find that the ALJ failed to provide adequate explanation with respect to her evaluation of the relevant mental health listing.   I therefore recommend that the case be remanded for further consideration.

Turning first to the listing arguments, Mr. Smick asserts that he has fulfilled the criteria of Listing 1.04 (disorders of the spine), because an independent medical examiner, Dr. Drapkin, made a finding of radiculopathy radiating from his lumbar spine into his legs.  Pl. Reply at 2-3.  The Commissioner counters that Mr. Smick has not demonstrated the required element of "nerve root compression."  Def. Mot. at 20.  Although Mr. Smick cites *Battle v. Astrue*, 929 F. Supp. 29

537 (E.D.N.C. 2013), for the proposition that a finding of radiculopathy establishes nerve root compression, no such discussion is present in that case. *See id.* at 540 (stating only, in relevant part, "The record further reveals evidence of nerve root compression characterized by neuro-anatomic distribution of pain, including radiculopathy and pain traveling from her back to her arms and legs."). *Battle* therefore did not consider whether a finding of radiculopathy is sufficient to establish nerve root compression. On the contrary, other courts to consider that issue have determined that a radiculopathy finding alone is insufficient. A federal court recently stated:

> Additionally, the fact that [the claimant] was diagnosed with radiculopathy does not necessarily mean he suffers from "nerve root compression." Radiculopathy is defined generally as a "disorder of the spinal nerve roots." Stedman's Medical Dictionary (27th ed. 2000), *available at* Westlaw STEDMANS 347610. [The claimant] has not cited any medical records or other evidence that equates radiculopathy with nerve root compression. Moreover, at least one court has specifically refused to recognize that radiculopathy is not [sic] synonymous with nerve root compression. *See Stakely v. Astrue,* No. 11-CV-01455, 2012 WL 5878341, at *4 (D. Colo. Oct. 30, 2012) (stating that "the term 'radiculopathy' is not synonymous with nerve root compression; it broadly describes a disorder or disease of a nerve root").

*Franks v. Colvin,* Civil No. 13-2904 MJD/FLN, 2014 WL 6911291, at *10 (D. Minn. Dec. 8, 2014). Thus, I am unpersuaded that the ALJ erred in determining that Mr. Smick had no evidence to demonstrate nerve root compression.

However, Mr. Smick also contends that the ALJ should have found him disabled under Listing 12.04 (affective disorders). I am unable to evaluate that contention because the ALJ provided a patently deficient application of the special technique for evaluating mental impairments. The ALJ conclusorily stated, without any explanation whatsoever, that Mr. Smick had "mild restriction in activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation, each of extended duration." (Tr. 14). Without any explanation

cited for any of these conclusions, I cannot determine whether the findings are supported by substantial evidence and, therefore, whether any mental health listings are met.   I therefore recommend remand for an appropriate application of the special technique.   In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Smick is not entitled to benefits is correct or incorrect.

Many of Mr. Smick's contentions regarding the assignments of weight to various medical sources amount simply to requests that the evidence be reweighed, which is not the appropriate role of this Court.   *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990) (determining that even if there is other evidence to support a claimant's position, the Court is not permitted to reweigh the evidence or to substitute its judgment for that of the ALJ).   However, Mr. Smick correctly notes that the ALJ did not assign weight to the opinions of Drs. Drapkin and Hurwitz. On remand, the ALJ should make appropriate assignments of weight to the opinions of those medical sources.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1.  the Court DENY Defendant's Motion for Summary Judgment [ECF No. 13];

2.  the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 12]; and

3.   the Court REVERSE IN PART the Commissioner's judgment due to inadequate analysis pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  July 6, 2015                                        _____/s/_____
                                                                          Stephanie A. Gallagher
                                                                          United States Magistrate Judge